Wilson & Company *vs.* Walker.

B. J. WILSON & COMPANY, plaintiffs in error, *vs.* A. J. WALKER, defendant in error.

1. To establish a set-off, the law requires the same evidence as if the defendant had originally sued the plaintiffs on the claim. (R.)
2. The jury having returned a verdict in favor of the defendant on his

plea of set-off, and there not being sufficient evidence to create a *prima facie* liability of the plaintiffs on the same, a new trial will be granted. (R.)

3. When cotton is delivered to a railroad agent, consigned to a factor by tenants, in their own names, this is not sufficient to charge the consignee with the landlord's portion, though he may have known it to have been one-fourth. (R.)

Set-off.  Delivery.  Factor.  Notice.  Before Judge GIB-SON.  Richmond Superior Court.  January Term, 1872.

For the facts of this case, see the decision.

L. E. BLECKLEY ; JOHN T. SHEWMAKE, for plaintiffs in error.

A. R. & H. G. WRIGHT, for defendant.  The verdict must show evident mistake, prejudice or corruption in the jury : 39th Ga. R., 68 ; *Ibid*, 119, 359, 708, 223 ; 41st Ga. R., 94, 125, 215 ; 38th, 129 ; 40th, 115 ; 42d, 146.  Charge, though erroneous, not affecting verdict, no ground for new trial : 41st Ga., 675, 187, 507 ; 40th, 423 ; 42d, 244, 306, 609 ; 32d, 173, 207.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant on an open account.  The defendant pleaded, as a set-off to the plaintiffs' demand, eleven bales of cotton, alleged to be of the value of $1,000, which the defendant avers in his plea had been delivered to the plaintiffs by him in the city of Savannah, in the fall or winter of 1867. On the trial of the case, the jury found a verdict for the defendant for the sum of $447 66.  A motion was made for a new trial on the ground that the verdict was contrary to law and the evidence, and for error in the charge of the Court to the jury, and refusal to charge as requested ; which motion for a new trial was overruled by the Court, and the plaintiffs excepted.  It appears, from the evidence in the record, that the cotton pleaded as a set-off to the plaintiffs' demand was

Wilson & Company *vs.* Walker.

made on his plantation in Burke county, which he had rented to his tenants, Walker & Dickinson, for one-fourth of the cotton made thereon. There had been no division of the crop between the defendant and his tenants, but the cotton made on the plantation was delivered to the railroad agent, to be forwarded to the plaintiffs, by Walker & Dickinson, and the question in the case is, whether there is sufficient evidence, under the law, to make the plaintiffs liable to the defendant for his rent cotton, delivered by Walker & Dickinson to the railroad agent to be forwarded to them. To establish the defendants' set-off against the plaintiffs, the law requires the same evidence as if the defendant had sued them as plaintiff for the value of the cotton. The evidence is, that forty bales of cotton were delivered to the railroad agent at Waynesboro by Walker & Dickinson, consigned to Wilson & Wilkinson, Savannah. There is no evidence of the receipt of the cotton by the plaintiffs, or if they had received it, that they knew that one-fourth of it was the property of the defendant. The defendant states that, to the best of his recollection, he notified the plaintiffs of his *intention* to send his rent cotton. William E. Walker, one of the partners of Walker & Dickinson, states that he informed the plaintiffs by letter in the fall, but cannot say at what particular time, that the defendant claimed one-fourth of the cotton for rent. The plaintiffs positively deny, in their evidence, all knowledge that one-fourth of the cotton raised on defendant's plantation in Burke county by Walker & Dickinson, was the property of defendant, and deny that any cotton of defendant was ever consigned to them. If there had been sufficient evidence in the record to create a *prima facie* liability of the plaintiffs for the value of the cotton under the law, we should not disturb the verdict, but, in our judgment, there is not. There is no evidence that the plaintiffs ever received the cotton—the delivery of the cotton by Walker & Dickinson to the railroad agent at Waynesboro, consigned to them, without more, is not sufficient evidence to charge them with the value of the cotton, even if they had known that one-fourth of the cotton

raised on the Burke county plantation by Walker & Dickinson was the property of the defendant. If the defendant had brought his action against the plaintiffs to recover the value of the cotton, he would not have been entitled to do so under his own evidence in this case, admitting all that he proved to be true, and he is in no better condition as defendant, seeking to establish his set-off against the plaintiffs' demand, than if he was suing them for the value of the cotton as plaintiff. There is no evidence of the delivery of the cotton to the plaintiffs as the property of the defendant, or of any sale or appropriation of it or its proceeds by them, in violation of their duty as bailees or factors, or of their instructions as such; no evidence that any demand was ever made on them for the cotton or its proceeds. In our judgment, the verdict of the jury, under the defendant's evidence in this case, was contrary to law, and that the Court below erred in overruling the motion for a new trial.

Let the judgment of the Court below be reversed.